UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER A. BRZOZOWSKI,

                            Plaintiff,

v.                                                Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                            Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jennifer A. Brzozowski is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. That James Creek incurred a credit card debt to Bank of America. This debt will be referred to as "the subject debt."

10. That Plaintiff Jennifer A. Brzozowski was not legally obligated to pay the subject debt, and was only an authorized user on the subject credit card account.

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief, Defendant was employed by Bank of America or the current creditor to collect on the subject debt.

13. That on in about October, 2009, Defendant made their first contact with James Creek, the account holder, in the form of a letter. Thereafter, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt. On one occasion, Plaintiff received approximately 10 calls in one day.

14. That on in about October, 2009, a female Defendant representative contacted Plaintiff on her cellular telephone. Defendant stated that she was calling about a debt. Plaintiff asked for Defendant caller's name and company, and further asked why she was calling. Defendant refused to give any information about where she was calling from and also refused to supply any information about the subject debt. Thereafter, the call was terminated.

15. That on in or about October, 2009, approximately twenty minutes after receiving the call referred to in Paragraph 14, Plaintiff received another call from Defendant. The Defendant representative, this time a male, stated he was calling from NCO and that his name was "Hassan." Plaintiff questioned why Defendant was calling so many times a day, and Defendant representative replied that Plaintiff was a liar and that there was no way multiple calls were made to her in the same day. Plaintiff asked Defendant what the account was originally for and Defendant refused to give Plaintiff any information. Thereafter, the conversation was terminated.

16. That during the first of these aforementioned calls, Plaintiff informed Defendant that she intended to pay the subject debt, even though she was not legally obligated to do so. Defendant repeatedly asked Plaintiff if she was lying about her intentions to make payment. Defendant also asked Plaintiff if she could send in a post dated check that day. Thereafter, the conversation was terminated.

17. That in or about October, 2009, Defendant again contacted Plaintiff. Plaintiff informed Defendant that the subject debt was in James Creek's name and requested that Defendant cease and desist contacting Plaintiff.

18. That despite Plaintiff's request to Defendant to cease and desist all communications, Defendant continued to call Plaintiff multiple times a week, often multiple times a day to collect on the subject debt.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by placing a telephone call to Plaintiff and not disclosing their identity. The natural consequence of such action was to harass, oppress, and abuse the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692e, and 15 U.S.C. §1692e(11) by failing to state that the call was in an attempt to collect a debt and that the communication was from a debt collector.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    D. Defendant violated 15 U.S.C. §1692e, and 15 U.S.C. §1692e(2) by falsely representing the legal status of the debt in stating to Plaintiff that the debt was hers and that she was legally obligated to pay it. Such action by Defendant was false, deceptive, and a misleading representation in an attempt to collect the subject debt.

    E. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt from Plaintiff that Plaintiff did not owe. Said action by Defendant was an unfair and unconscionable means to attempt to collect the subject debt.

    F. Defendant violated 15 U.S.C. §1692b(1), and 15 U.S.C. §1692b(3) by failing to identify themselves, and contacting Plaintiff more than once when not requested to do so.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 12, 2010

    /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com